CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/6/2019
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CURTIS CRAIG LITTLEJOHN,<br><br>                                 *Plaintiff,*<br><br>     v.<br><br>JAMES ELLIOT, *et al.*,<br><br>                                 *Defendants.* | CASE NO. 6:19-CV-00082<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

       This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Section 1915(e)(2) provides that a "court shall dismiss the case [proceeding *in forma pauperis*] at any time if the court determines that . . . the action or appeal is frivolous . . . ." Plaintiff's action is frivolous, and so the case will be dismissed.

       Plaintiff brings suit against the Lynchburg Department of Taxation and James Elliot, whom Plaintiff identifies as a tax attorney alleging that the two are impermissibly foreclosing on his residential property located in New York state. Dkt. 2. Plaintiff asks this Court to issue a restraining order to halt the foreclosure of his property in lieu of installment payments. Dkt. 2 at 4. Plaintiff complains that the Defendants are demanding full repayment of a mortgage debt owed to them—"70 percent of the money is from interest accrued"—and he appears to admit delinquency on his loan payments. *Id*. at 5. Plaintiff claims that by demanding that he now repay the entire mortgage amount at once, the Defendants are violating his rights under "the Bill of Rights and Article 1, Section 10 of the United States Constitution Circa 1971." *Id*.

      "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

More generally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Even so construed, Plaintiff's claim is frivolous as stated. Plaintiff cannot merely state the facts of his case then cite to two incredibly generalized portions of the U.S. Constitution. Federal courts have limited jurisdiction, *Gunn v. Minton*, 568 U.S. 251, 256 (2013), and if Plaintiff hopes to invoke this Court's jurisdiction through "federal question" jurisdiction, as he indicated in his complaint, Dkt. 2 at 3, he must make some effort to connect the wrongs he claims to have suffered to federal law. Plaintiff's complaint fails to do this. *See, Gunn v. Minton*, 568 U.S. at 256–59.

Because of these fatal defects, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, but his action is **DISMISSED** as frivolous; and the case is **STRICKEN** from the active docket of the Court.

The Clerk of the Court is also directed to send a certified copy of this Order to Plaintiff.

Entered this   6th   day of December, 2019.

                                                          NORMAN K. MOON
                                                          SENIOR UNITED STATES DISTRICT JUDGE